IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CHARLES PODMOSTKO,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-25-03412 |
| **NATIONWIDE GENERAL INS. CO.,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Charles Podmostko ("Plaintiff") filed this insurance action in state court against Defendant Nationwide General Insurance Company ("Nationwide"), seeking to compel payment on his wife's life insurance policy. ECF 2. Nationwide removed the case to this Court, ECF 1, and has now filed a motion to dismiss the complaint, ECF 9. Plaintiff filed an opposition, ECF 10, and Nationwide filed a reply, ECF 11. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Nationwide's motion must be granted and the complaint will be dismissed without prejudice.

**I.    FACTUAL BACKGROUND**

The following facts are derived from the Complaint and assumed to be true for the purposes of adjudicating this motion. On June 19, 2007, Nationwide issued a twenty-year term life insurance policy for $100,000 ("the Contract" or "the Policy") to Plaintiff's wife, Mary B. Podmostko ("Mrs. Podmostko"). ECF 2 ¶ 6. The Contract named Plaintiff as the beneficiary. *Id.* ¶ 7. From 2007 through the end of 2023, Plaintiff and Mrs. Podmostko paid the quarterly premiums due on the Policy, for a total of $8,238.32. *Id.* ¶ 8. In 2024, Mrs. Podmostko became gravely ill from a combination of serious medical conditions. *Id.* ¶ 9.

The relevant portions of the Policy read:

GRACE PERIOD: If any premium after the first one is not paid when due, a period of 31 days from the due date of the unpaid premium will be allowed for payment. The policy will continue in force during this 31 day period. However, if the Insured dies during this 31 day period, any unpaid premium will be deducted from the Death Benefit. In no event will premiums be charged past the policy month of death. This policy will lapse, without value, if premiums are not paid.

REINSTATEMENT: If this policy lapses prior to the expiration date, you may reinstate it. You must apply in writing within five years after the date the first unpaid premium was due. We must also have evidence of insurability that is acceptable to us. All overdue premiums must be paid with 6% compound interest. Compounding interest is added to the amount owed and begins to bear interest itself during the following year.

ECF 9-3 at 6.

On June 12, 2024, Plaintiff and Mrs. Podmostko received a lapse notice from Nationwide informing them that the Policy had lapsed for lack of payment. ECF 2 ¶ 10. Plaintiff contacted Nationwide to tell them that he had not received any notice of lack of payment or potential lapse. *Id.* ¶ 11. Nationwide refused to reinstate the Policy and stated that Mrs. Podmostko would have to reapply for coverage to have the policy reinstated. *Id.* ¶ 12. Mrs. Podmostko passed away on February 19, 2025, and Nationwide has not made payment on the Policy or refunded the premiums paid. *Id.* ¶¶ 13–14. This lawsuit ensued.

## II.     LEGAL STANDARDS

Plaintiff's complaint asserts a claim for breach of contract and a claim for unjust enrichment. ECF 2. Defendant seeks to dismiss those claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The Rule 12(b)(6) standard presumes the facts alleged by a plaintiff to be true, then assesses whether the complaint still fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co.*

*v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III.   ANALYSIS

A breach of contract claim requires a "contractual obligation, breach, and damages." *Tate v. Am. Gen. Life Ins. Co.*, 627 F.Supp.3d 480, 489 (D. Md. 2022) (quoting *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020)). Plaintiff contends that the contractual obligation that was breached is one not expressly stated in the Policy. He alleges, "Nationwide breached the 'Grace Period' provision of the Contract by not providing adequate notice to Mrs. Podmostko that her life insurance policy had entered a grace period."[1] ECF 2 ¶ 22. He acknowledges that the Contract is silent as to whether notice is required and argues that the Policy is therefore ambiguous and should be construed against Nationwide to impose such an obligation. *Id.* ¶¶ 20, 21.

The problem with Plaintiff's contention is the existence of a Fourth Circuit opinion deciding that when neither the policy nor the applicable state law "require[s] any notice prior to cancelling the policy . . . the policy contains no ambiguity as to notice." *Wactor v. Jackson Nat'l Life Ins. Co.*, 604 F. App'x 220, 226, 229 (4th Cir. 2015). Plaintiff cites no Maryland law requiring notice before a grace period takes effect or a policy is cancelled. And the Policy itself, as Plaintiff concedes, makes no reference to notice, simply stating that "a period of 31 days from the due date

---

[1] Plaintiff also alleges that Nationwide violated the "implied covenant of good faith and fair dealing" by failing to make payment on the Policy or refund the premiums they paid. But the duty of good faith and fair dealing is "not understood to interpose new obligations about which the contract is silent, even if inclusion of the obligation is thought to be logical and wise." *Blondell v. Littlepage*, 413 Md. 96, 114 (2010).

of the unpaid premium will be allowed for payment" while the Policy remains in force. ECF 9-3 at 6. Because the Policy's language is not ambiguous, this Court must enforce the contract as written and cannot read in the additional requirement that notice be given. Plaintiff's breach of contract claim, premised on a contractual obligation that does not exist, must be dismissed.[2]

Plaintiff's unjust enrichment claim is also deficient. While, in certain circumstances, an unjust enrichment claim can be viable even where a contract exists, those situations typically involve contractual ambiguities or the possibility that a factfinder will conclude no binding contract existed to cover the subject of the dispute. *See Transamerica Premier Life Ins. Co. v. Selman & Co., LLC*, 401 F. Supp. 3d 576, 597–98 (D. Md. 2019). This is not one of those cases. Here, a contract exists between the parties concerning the same subject matter on which Plaintiff's unjust enrichment rests: the circumstances in which Nationwide can lapse the Policy and retain the already-paid premiums. *See* ECF 9-3 at 6 ("This policy will lapse, without value, if premiums are not paid."). As a result, Plaintiff's claim for unjust enrichment cannot stand. *See Transamerica*, 401 F. Supp. 3d at 597 (noting that unjust enrichment is a quasi-contractual cause of action that is a remedy "to provide relief for a plaintiff when an enforceable contract does not exist but fairness dictates that the plaintiff receive compensation for services provided.") (quoting *Cnty. Comm'rs v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 97 (2000)); *see also FLF, Inc. v. World Publ'ns, Inc.*, 999 F. Supp. 640, 642 (D. Md. 1998) ("It is settled law in Maryland, and elsewhere, that a claim for unjust enrichment may not be brought where the subject matter of the claim is covered by an express contract between the parties."). While, in this particular case, the result is a harsh

---

[2] In his opposition, Plaintiff insinuates that he may have a different argument premised on a fact dispute about whether premiums were paid after the end of 2023. ECF 10 at 4–5. Those allegations are not contained in the Complaint, and Plaintiff cannot amend his Complaint through motions briefing.

one for this Plaintiff, permitting a plaintiff to contravene express contractual provisions using quasi-contractual theories "would turn the basic foundation of contract law on its ear." *J. Roland Dashiell*, 358 Md. at 100 ("This rule holds the contract parties to their agreement and prevents a party . . . from asking the court to restore his expectations.") (quoting *Prodromos v. Poulos*, 202 Ill. App. 3d 1024, 1032 (1990)).

IV.    **CONCLUSION**

For these reasons, Defendant's motion to dismiss, ECF 9, will be granted and Plaintiff's claims are dismissed without prejudice. A separate Order follows, which will close this case subject to reopening should Plaintiff seek leave to amend within thirty days of this memorandum opinion and order.

Dated: February 6, 2026                                    /s/
                                                                   Stephanie A. Gallagher
                                                                   United States District Judge